IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JAMES MATHIS, Individually and on behalf of All Others Similarly Situated**   **PLAINTIFF**

vs.   No. 5:16-cv-94

**STEWART PETROLEUM CORPORATION**   **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COMES now Plaintiff James Mathis, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action against Defendant Stewart Petroleum Corporation (hereinafter "Stewart" or "Defendant"), and in support thereof he does hereby state and allege as follows:

### I.   PRELIMINARY STATEMENTS

1. This is an action brought by Plaintiff individually and on behalf of all others similarly situated.

2. The proposed Section 216 class is composed entirely of employees who are or were Pump Supervisors and/or Field Supervisors for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4. Stewart does not pay its Pump Supervisors or Field Supervisors overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This collective action seeks the unpaid wages and other damages owed to these workers.

5. Plaintiff, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.     THE PARTIES

7. Plaintiff James Mathis worked for Defendant as a Supervisor from approximately April of 2011 through March of 2014. His signed consent to join this action is attached as Exhibit A.

8. Defendant is a foreign, for profit limited liability company.

9. Defendant is company actively engaged in all phases of oil and gas exploration, production, and producing property acquisitions.

10. Defendant maintains a website at http://www.stewartpetroleum.com/.

11. Defendant may be served through its registered agent: Daryl Stewart, 475

Seventeenth Street, Suite 1500, Denver, Colorado 80202.

### III.  JURISDICTION AND VENUE

12. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

13. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

### IV.  REPRESENTATIVE ACTION ALLEGATIONS

14. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Pump Supervisors and Field Supervisors who were or are employed by Defendant and were improperly misclassified as exempt from payment of the overtime premium at any time within the applicable statute of limitations period, who are entitled to payment for overtime wages which Defendant failed to pay due to the intentional misclassification of Plaintiffs and of those similarly situated.

15. Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as Pump Supervisors and Field Supervisors from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

16. Plaintiff is unable to state the exact number of the class but believes that the class membership exceeds 50 persons but is less than 250 persons.  Defendant can readily identify the members of the classes, who are a certain portion of the current

and former employees of Defendant.

17. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

A. Defendant's uniform misclassification of them as exempt employees under the FLSA; and

B. Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.;

## V.   FACTUAL ALLEGATIONS

18. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

19. Plaintiff performed the services of "Pump Supervisor" and "Field Supervisor" for Defendant within the three years preceding the filing of the Original Complaint.

20. Plaintiff's duties as a Pump Supervisor and Field Supervisor included working at oil well sites to assist in pumping and fracking oil wells.

21. Defendant's annual gross volume of sales made or business done was not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) during each of the four calendar years preceding the filing of the Original Complaint.

22. To performing their job duties, at least two employees of Defendant routinely used hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, at least some of which had been moved in or produced for interstate commerce.

23. Throughout the time relevant to this complaint, Defendant has been an enterprise engaged in interstate commerce as defined by the FLSA.

24. Defendant paid Plaintiff, and all other Pump Supervisors and Field Supervisors during Plaintiff's tenure, a salary plus bonuses.

25. Defendant did not pay an extra premium to Plaintiff, or any other Pump Supervisors or Field Supervisors during Plaintiff's tenure, for work in excess of forty hours per week.

26. Plaintiff regularly worked more than 40 hours per week as a Pump Supervisor and Field Supervisor.

27. Pump Supervisors and Field Supervisors other than Plaintiff also regularly worked more than 40 hours per week.

28. Upon information and belief, Defendant knew, or showed reckless disregard for whether, its pay practices toward Plaintiff and other Pump Supervisors and Field Supervisors violated the FLSA.

29. Because these Pump Supervisors and Field Supervisors are similarly situated to Plaintiff, and are owed overtime for the same reasons, at least one proper definition of the classes is as follows:

> **All Pump Supervisors and Field Supervisors employed by Defendant after January 27, 2013.**

### VI.   CAUSES OF ACTION

30. Plaintiff incorporates the allegations in the preceding paragraphs.

31. Defendant violated the overtime provisions of the FLSA.

32. The violations caused damages to Plaintiff and to the class members.

33. Plaintiff, individually and as a representative, and those similarly situated

to him are entitled to overtime for all hours worked over forty in a week.

34. Additionally, Plaintiff and those similarly situated to him are entitled to an amount equal to their unpaid wages as liquidated damages, as well as reasonable attorneys' fees and the costs of this action.

## VII. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Mathis, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) That Defendant be summoned to appear and answer herein;

(b) That Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former Pump Supervisors;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*;

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an

amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

>Respectfully submitted,
>
>**JAMES MATHIS, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**
>
>SANFORD LAW FIRM, PLLC
>One Financial Center
>650 S. Shackleford Road, Suite 411
>Little Rock, Arkansas 72211
>Telephone: (501) 221-0088
>Facsimile: (888) 787-2040
>
>By: */s/ Josh Sanford*
>Josh Sanford
>Texas. Bar No. 24077858
>josh@sanfordlawfirm.com