IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES MATHIS, individually and on behalf of all others similarly situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | 5:16-cv-094-RP |
| STUART PETROLEUM TESTERS, INC., KIRK YARIGER, BRYAN POST, and BRUCE KOCH, | § § § § § | |
| Defendants. | § § | |

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices (Dkt. 4), Defendant's response to Plaintiff's motion, and Plaintiff's reply. After reviewing these filings, the relevant law, and the record in the case, the Court issues the following order.

## I. BACKGROUND

Plaintiff James Mathis brings this suit against Defendants Stuart Petroleum Corporation, Kirk Yariger, Bryan Post, and Bruce Koch (collectively, "Defendants"), alleging that Stuart Petroleum failed to pay him overtime as required by the Fair Labor Standard Act ("FLSA"), 29 U.S.C. § 201, *et seq*. Plaintiff filed a motion for conditional class certification pursuant to 29 U.S.C. § 216(b).

In his amended complaint ("the Complaint"), Plaintiff alleges that he "worked for Defendant [Stuart Petroleum] as a Supervisor from approximately April of 2011 through March of 2014." (Am. Compl. ¶ 8.) While employed at Stuart Petroleum, Plaintiff alleges that he worked as a

1

pump supervisor and a field supervisor. (*Id.* ¶ 39.) He further alleges that his duties in both of these roles "included working at oil well sites to assist in pumping and fracking oil wells."

Plaintiff alleges that he and "all other Pump Supervisors and Field Supervisors during [his] tenure" were paid a salary plus bonus, but were not paid an extra premium "for work in excess of forty hours per week." (*Id.* ¶¶ 44–45.) Plaintiff also alleges that he and other Pump Supervisors and Field Supervisors "regularly worked more than 40 hours per week." (*Id.* ¶¶ 46–47.) Plaintiff now asks this Court to certify the following class:

> All of Defendant's former and current Pump Supervisors and/or Field Supervisors (or similar positions) who worked at any time after January 27, 2013.

(Mot. for Cond. Cert. at 4; Dkt 4.)

## II. FLSA CONDITIONAL CERTIFICATION STANDARD

The FLSA establishes federal minimum-wage and overtime standards. *Genesis Healthcare Corp. v. Symczyk*, 133 S.Ct. 1523, 1527 (2013). Pursuant to 29 U.S.C. § 216(b), it also gives employees the right to bring a private cause of action against their employer on "behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b).

Although the Fifth Circuit has never set a legal standard for collective-action certification, *Roussell v. Brinker Int'l, Inc.*, 441 Fed. App'x 222, 226 (5th Cir. 2011), this Court has previously adopted the *Lusardi* approach, named after *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D.N.J. 1987), based on its review of statements from the Fifth Circuit and the Supreme Court implying that the alternative approach is incompatible with FLSA collective actions. *Dyson v. Stuart Petrol.Testers, Inc.*, 308 F.R.D. 510, 512 (W.D. Tex. 2015) (Pitman, J.) (rejecting *Shushan* approach, which applies a Rule 23-type analysis). Moreover, district courts in this circuit typically apply the *Lusardi* approach. *Id.*; *McKnight v. D. Houston, Inc.*, 756 F. Supp. 2d 794, 800 (S.D. Tex. 2010).

Under the *Lusardi* approach, when a plaintiff brings a collective action under the FLSA, the action typically proceeds in two stages. *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213–14, *overruled on*

*other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *see also Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008). First, at the "notice stage," the plaintiff moves for conditional certification of the collective action. *Sandoz*, 553 F.3d at 915 n.2. If the district court certifies the action, other potential class members are notified so they may opt-in to the action. *See Mooney*, 54 F.3d at 1213–14. Second, at the "decertification stage," which follows the close of discovery, the defendant employer typically moves to decertify the action, asserting that the employees who opted-in are not similarly situated to the named plaintiff and must be dismissed from the suit. *See Sandoz*, 553 F.3d at 915 n.2. The court then makes a final determination of whether all plaintiffs are sufficiently similarly situated to proceed together. *Mooney*, 54 F.3d at 1214.

Here, at the notice stage, the plaintiff must make a preliminary factual showing that he is "similarly situated" to the other employees named in his proposed class. *Pedigo v. 3003 S. Lamar, LLP*, 666 F.Supp.2d 693, 698 (W.D. Tex. 2009). In wage and hour cases, this means the proposed class members are both "similarly situated in terms of job requirements and similarly situated in terms of payment provisions." *Id.* Thus, the relevant inquiry for the court is whether the proposed class members performed the same basic tasks as part of their employment and were subject to the same pay decisions, policies, or practices. *Tice v. AOC Senior Home Health Corp.*, 826 F.Supp.2d 990, 996 (E.D. Tex. 2011); *see also McKnight*, 756 F.Supp.2d at 801 (stating that the standard "require[s] substantial allegations that potential members 'were together victims of a single decision, policy, or plan'"). This does not mean that employees must be similarly situated in "each and every aspect" of their employment, *see Tice*, 826 F.Supp.2d at 996, but rather that there are "some identifiable facts or legal nexus [that] bind[s] the claims so that hearing the cases together promotes judicial efficiency," *McKnight*, 756 F.Supp.2d at 801 (quoting *Barron v. Henry Cty. Sch. Sys.*, 242 F.Supp.2d 1096, 1103 (M.D. Ala. 2003)).

"Although [p]laintiffs bear the burden of proof to make this factual-nexus showing, this is a 'fairly lenient standard' due to the lack of evidence available during the first stage." *Mateos v. Select Energy Servs.*, LLC, 977 F. Supp. 2d 640, 644 (W.D. Tex. 2013) (quoting *Mooney*, 54 F.3d at 1214). The plaintiff's burden is typically met through pleadings and affidavits submitted to the court. *Id.*; *McKnight*, 756 F.Supp.2d at 801. The decision of whether to conditionally certify the class and facilitate notice of potential class members based on the plaintiff's pleadings and evidence "remains soundly within the discretion of the district court." *Id.* (citing *Hoffmann–La Roche, Inc. v. Sperling*, 493 U.S. 165, 169 (1989)).

### III. DISCUSSION

Here, Plaintiff seeks conditional certification of a class that includes "[a]ll of [Stuart Petroleum's] former and current Pump Supervisors and/or Field Supervisors (or similar positions)." (Mot. for Cond. Cert. at 4, Dkt 4.) In his declaration, Plaintiff asserts that "[t]he jobs . . . are very physical and demanding jobs that are worked outdoors" and that his "primary job duties" in these jobs "were manual labor." (Mathis Decl. ¶ 4.) Plaintiff describes the basic tasks of both jobs as "maintain[ing] and operat[ing] the equipment used at the oilfield well sites." (*Id.*) Plaintiff's Motion for Conditional Certification adds no further explanation of what basic tasks a pump or field supervisor working for Stuart might perform, merely stating that "[t]he primary job duties . . . were to maintain and operate the equipment used at well sites." (Mot. for Cond. Cert. at 8, Dkt 4.) Plaintiff's Amended Complaint states that the job duties "include[] working at oil well sites to assist in pumping and fracking oil wells." (Am. Compl. ¶ 40.) Plaintiff's filings include no additional description of what basic tasks his job (or the job of a pump supervisor or field supervisor more generally) entails. Plaintiff does, however, make several conclusory assertions that the positions "were essentially the same at all locations." (Mathis Decl. ¶ 9.)

4

Plaintiff's bare assertions about what the job of a pump supervisor and field supervisor entails are too vague for the Court to determine that other employees in the same positions perform the same basic tasks, which prevents the Court from being able to conclude that members of the proposed class are similarly situated to Plaintiff. He does not, for example, explain what equipment a pump supervisor or field supervisor would regularly use,[1] what other types of employees they would work with, or what specific tasks they would perform. His description of the job duties—"maintain[ing] and operat[ing] the equipment used at the oilfield well sites"—is instead so broad that it could include nearly any worker performing some manual labor at a well site, even if that worker had vastly different job duties than those of the Plaintiff.

Notably, Plaintiff's proposed class also includes those in "similar positions" to a pump supervisor or field supervisor. (Mot. for Cond. Cert. at 4; Dkt 4.) If the Court were to evaluate which Stuart Petroleum employees are in a "similar position" to a pump supervisor or field supervisor based on Plaintiff's description of his job duties, the resulting class would inevitably include workers who are not "similarly situated" to Plaintiff.

In the absence of actually describing his job duties and the job duties of the members of his proposed class, Plaintiff asserts that all pump supervisor and field supervisor positions are essentially the same. Plaintiff does not, however, provide the Court a sufficient basis for relying on his conclusory assertions. *Compare Songer v. Dillon Res., Inc.*, 569 F. Supp. 2d 703, 707 (N.D. Tex. 2008) (rejecting plaintiff's "conclusory allegations unsupported by any factual assertions demonstrating the basis of the affiants' knowledge") *with Dyson*, 308 F.R.D. at 514 (finding plaintiff's "testimony that he acquired knowledge of [defendant's] practices by way of his own employment with the company, as well as specifically inquiring of other workers concerning their experiences . . . sufficient"). While Plaintiff does state that he "worked at various well sites in Texas. . . . [and] performed jobs with

---

[1] While Plaintiff's Amended Complaint references equipment, it describes the equipment that "at least two employees of Defendant routinely use[]" and does not specifically pertain to the positions of pump supervisor or field supervisor.

5

different Pump Supervisors and Field Supervisors," (Mathis Decl. ¶ 8), these vague assertions do not demonstrate that Plaintiff has sufficient knowledge of the proposed class to accept his assertions that all members of the proposed class had essentially the same job when he has not provided the Court any factual detail about that job.

Plaintiff argues that his assertions are supported by sufficient factual allegations for conditional certification because Plaintiff's declaration expressly states that it is based upon his "personal knowledge" and because "it is reasonable to infer that an employee would have personal knowledge of the conditions of his or her own employment as well as the conditions of other employees holding similar positions." (Pl.'s Reply at 2, Dkt. 21.) More specifically, Plaintiff asserts that "[t]he recitation that the declarant has 'personal knowledge' demonstrates personal knowledge at the notice stage." (*Id.*) While the Court generally agrees that an employee's own testimony about his or her job and working conditions should be accepted at the notice stage, *see, e.g.*, *Lee v. Metrocare Servs.*, 980 F. Supp. 2d 754, 763 (N.D. Tex. 2013); *Black v. Settlepou, P.C.*, No. 3:10–cv–1418–K, 2011 WL 609884, at *3 (N.D. Tex. Feb. 14, 2011), it is the Plaintiff's failure to provide sufficient testimony here that precludes the Court from determining that the members of Plaintiff's class are similarly situated, not his failure to demonstrate personal knowledge.

While the showing required of Plaintiff at this stage is minimal because he has not yet had the opportunity for discovery, Plaintiff has not included basic facts and details in his filings that should be available to him without discovery. He alleges that he worked as a pump supervisor or field supervisor at Stuart Petroleum for nearly three years, but does not explain for the Court specifically what he did in those positions. It is this failing—not a failure to demonstrate personal knowledge—that is determinative. Without more "identifiable facts" about the job requirements and duties of the members of Plaintiff's proposed class, the Court cannot conclude class members are

similarly situated, such "that hearing the cases together [would] promote[] judicial efficiency." *McKnight*, 756 F.Supp.2d at 801.

Because the Court cannot determine that all members of Plaintiff's proposed class were similarly situated in their basic job requirements and duties, it cannot conditionally certify the class and need not address whether the proposed class was subject to the same pay policies.

### IV. CONCLUSION

In light of the forgoing, the Court **DENIES** Plaintiff's Motion for Conditional Certification, for Disclosure of Contact Information, and to Send Notices (Dkt. 4) without prejudice to refile.

**SIGNED** on August 29, 2016.

_____

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE