IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**JAMES MATHIS, Individually and on**                  **PLAINTIFF**
**behalf of All Others Similarly Situated**

vs.                  No. 5:16-cv-94-RP

**STUART PETROLEUM TESTERS, INC.; and**
**KIRK YARIGER, BRYAN POST and BRUCE KOCH,**        **DEFENDANTS**

**SECOND AMENDED AND SUBSTITUTED COMPLAINT—COLLECTIVE ACTION**

COMES now Plaintiff James Mathis, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Second Amended and Substituted Complaint—Collective Action against Defendant Stuart Petroleum Testers, Inc. ("Stuart"), and Kirk Yariger, Bryan Post and Bruce Koch (hereinafter collectively "Defendant"), and in support thereof he does hereby state and allege as follows:

**I.**
**PRELIMINARY STATEMENTS**

1. This is an action brought by Plaintiff individually and on behalf of all others similarly situated.

2. The proposed Section 216 class is composed entirely of employees who are or were Operators for Defendant, who, during the applicable time period, work/worked for Defendant and are/were denied their rights under applicable federal wage and hour laws.

3. The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

4. Stuart does not pay its Operators proper overtime wages as required by the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This collective action seeks the unpaid wages and other damages owed to these workers.

5. Plaintiff, both individually and on behalf of all others similarly situated, bring this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorney's fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly situated overtime compensation for the hours in excess of forty hours in a single week that they were/are made to work.

6. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

7. The purpose of this amendment is to clarify the allegations and claims for relief in this case.

## II.
## THE PARTIES

8. Plaintiff James Mathis worked for Defendant as an Operator from approximately April of 2011 through March of 2014.

9. Separate Defendant Stuart is a domestic, for-profit corporation.

10. Stuart is company actively engaged in all phases of oil and gas exploration, production, and producing property acquisitions.

11. Stuart maintains a website at http://stuartpressurecontrol.com/.

12. Stuart has as its principal place of business 10077 Grogans Mill Road, Suite 100, The Woodlands, Texas 77380.

13. Stuart may be served through its registered agent: Kirk Yariger, 10077 Grogans Mill Road, Suite 100, The Woodlands, Texas 77380.

14. Separate Defendant Kirk Yariger is a resident and citizen of the State of Texas.

15. At all times relevant hereto, Yariger was employed as a CEO and President of Stuart.

16. At all times relevant hereto, Yariger was an officer and member of Stuart.

17. At all times relevant hereto, Yariger had operational control over Stuart.

18. At all times relevant hereto, Yariger had the power to hire and fire employees of Stuart, supervised and set wages and wage policies for Stuart's employees.

19. At all times relevant hereto, Yariger was Plaintiffs' employer as the term is defined in the FLSA.

20. Separate Defendant Bryan Post is a resident and citizen of the State of Texas.

21. At all times relevant hereto, Post was employed as a Vice President of Stuart.

22. At all times relevant hereto, Post was an officer and member of Stuart.

23. At all times relevant hereto, Post had operational control over Stuart.

24. At all times relevant hereto, Post had the power to hire and fire employees

of Stuart, supervised and set wages and wage policies for Post's employees.

25. At all times relevant hereto, Post was Plaintiffs' employer as the term is defined in the FLSA.

26. Separate Defendant Bruce Koch is a resident and citizen of the State of Texas.

27. At all times relevant hereto, Koch was employed as a CFO of Stuart.

28. At all times relevant hereto, Koch was an officer and member of Stuart.

29. At all times relevant hereto, Koch had operational control over Stuart.

30. At all times relevant hereto, Koch had the power to hire and fire employees of Stuart, supervised and set wages and wage policies for Stuart's employees.

31. At all times relevant hereto, Koch was Plaintiffs' employer as the term is defined in the FLSA.

### III.
### JURISDICTION AND VENUE

32. The United States District Court for the Western District of Texas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

33. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the San Antonio Division of the Western District of Texas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.
## REPRESENTATIVE ACTION ALLEGATIONS

34. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

35. Plaintiff brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as Operators who were or are employed by Defendant and who are entitled to payment for overtime wages which Defendant failed to pay from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

21. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

4. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

5. Defendant's failure to pay members of the class proper overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

6. Plaintiff alleges that Defendant improperly calculated the regular rate of pay and overtime for Plaintiff and other hourly Operators employed by Defendant.

## V.
## FACTUAL ALLEGATIONS

36. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

37. Plaintiff worked for Defendant as an Operator within the three years preceding the filing of the Original Complaint.

38. Plaintiff worked in excess of forty (40) hours per week throughout his tenure with Defendant.

39. Plaintiff and other similarly-situated employees were classified as hourly employees.

40. Plaintiff and other similarly-situated employees were also paid non-discretionary bonuses.

41. In addition, Defendant paid Plaintiff and other similarly-situated employees one-and-one-half of their base hourly rate for each hour they worked over forty in a workweek.

42. However, Defendant did not include bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

43. Section 778.208 of Title 29 of the Code of Federal Regulations requires that non-discretionary bonuses "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

44. Defendant violated the FLSA by not including bonuses of Plaintiff and other similarly-situated employees into their regular rate when calculating their overtime pay.

45. Plaintiff worked for Defendant at various locations and Defendant's pay practices were the same at all locations.

46. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and its other hourly Operators violated the FLSA.

47. Defendant's workers routinely use hard hats, drilling equipment, lubricators, blow-out preventers, wrenches, and other tools, in performing their job

duties. Thus the employees used, handled, sold, and/or worked on, goods or materials that were produced for or traveled in interstate commerce.

48. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described herein.

## VI.
## CLASS ACTION ALLEGATIONS

49. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

50. Plaintiff brings this collective action to recover monetary damages owed by Defendant to Plaintiff and members of the putative Class for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

51. Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

52. In addition, and in the alternative, Plaintiff brings this action in his individual and personal capacity, separate and apart from the class claims set forth herein.

53. Plaintiff also brings this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). The Collective Class is defined as follows:

**All hourly Operators employed by Defendant after March 18, 2013.**

54. This action is properly brought as a class action pursuant to the collective action procedures of the FLSA.

55. The Classes are so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least fifty putative class members have worked for Defendant without appropriate pay, as described herein, throughout the applicable statutory period.

## VII.
## FIRST CLAIM FOR RELIEF
### (Individual Claim for Violations of FLSA)

56. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint above, as if fully set forth herein.

57. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

58. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of Plaintiff in his regular rate when calculating his overtime pay.

59. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

60. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

## VIII.
## SECOND CLAIM FOR RELIEF
## (Collective Action Claim for Violation of FLSA)

61. Plaintiff repeats and re-alleges all the preceding paragraphs of the Complaint above, as if fully set forth herein.

62. 29 U.S.C. § 207 requires employers to pay employees one and one-half times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.  29 U.S.C.S. § 207 (LEXIS 2013).

63. Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including bonuses of the putative class in their regular rates of pay when calculating their overtime pay.

64. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

65. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs and all those similarly situated for monetary damages, liquidated damages, and costs, including reasonable attorneys' fees, for all violations that occurred within the three (3) years prior to the filing of this Complaint.

## IX.
## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff James Mathis, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiff, the class members, and the Court for all of the hours worked by Plaintiff and the class members and all monies paid to them;

(c) A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.;*

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former Pump Supervisors;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.;*

(e) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. §201, *et seq.*, and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f) An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

(g) Such other and further relief as this Court may deem necessary, just and proper.

        Respectfully submitted,

        **JAMES MATHIS, Individually
and on behalf of All Others Similarly
Situated, PLAINTIFF**

        SANFORD LAW FIRM, PLLC
One Financial Center
650 S. Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040

By:    */s/ Josh Sanford*
       Josh Sanford
       Texas. Bar No. 24077858
       josh@sanfordlawfirm.com

## CERTIFICATE OF SERVICE

I, Josh Sanford, do hereby certify that on October 27, 2016, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List, including these attorneys:

Tiffanie S. Clausewitz, Esq.
tiffanie@rosenblattlawfirm.com
THE ROSENBLATT LAW FIRM, P.C.
16719 Huebner Rd., Bldg. 1
San Antonio, Texas 78248
Tel: (210) 562-2900
Fax: (210) 562-2929

        */s/ Josh Sanford*
        **Josh Sanford**