IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| JAMES MATHIS, Individually and on Behalf of All Others Similarly Situated, | § § § § § | |
| Plaintiff, | | |
| v. | § § § | CIVIL ACTION NO. 5:16-CV-00094-RP |
| STUART PETROLEUM TESTERS, INC., KIRK YARIGER, BRYAN POST, and BRUCE KOCH, | § § § § | |
| Defendants. | § | |

**STUART PETROLEUM TESTERS, INC., KIRK YARIGER, AND BRYAN POST'S
ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S SECOND AMENDED AND
SUBSTITUTED COLLECTIVE ACTION COMPLAINT**

Defendants Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post, by and through undersigned counsel, hereby answer Plaintiff's Second Amended and Substituted Collective Action Complaint ("Plaintiff's Complaint") as set forth below. Unless specifically admitted, Defendants deny each of the allegations included in Plaintiff's Complaint.

## I.
### Admissions & Denials

1. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 1 of Plaintiff's Complaint, and these allegations are therefore denied.

2. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 2 of Plaintiff's Complaint, and these allegations are therefore denied.

3. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 3 of Plaintiff's Complaint, and these allegations are therefore denied.

4. Defendants deny the allegations set forth in paragraph 4 of Plaintiff's Complaint.

5. The allegations included in paragraph 5 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

6. Defendants deny the allegations set forth in paragraph 6 of Plaintiff's Complaint.

7. Defendants lack knowledge or information sufficient to form a belief about the truth of the allegations set forth in paragraph 7 of Plaintiff's Complaint, and these allegations are therefore denied.

8. Defendants admit the allegations set forth in paragraph 8 of Plaintiff's Complaint.

9. Defendants admit the allegations set forth in paragraph 9 of Plaintiff's Complaint.

10. Defendants deny the allegations set forth in paragraph 10 of Plaintiff's Complaint.

11. Defendants admit the allegations set forth in paragraph 11 of Plaintiff's Complaint.

12. Defendants admit the allegations set forth in paragraph 12 of Plaintiff's Complaint.

13. Defendants deny the allegations set forth in paragraph 13 of Plaintiff's Complaint.

14. Defendants admit the allegations set forth in paragraph 14 of Plaintiff's Complaint.

15. Defendants deny the allegations set forth in paragraph 15 of Plaintiff's Complaint.

16. Defendants deny the allegations set forth in paragraph 16 of Plaintiff's Complaint.

17. Defendants deny the allegations set forth in paragraph 17 of Plaintiff's Complaint.

18. Defendants deny the allegations set forth in paragraph 18 of Plaintiff's Complaint.

19. Defendants deny the allegations set forth in paragraph 19 of Plaintiff's Complaint.

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 2 of 7

20. Defendants deny the allegations set forth in paragraph 20 of Plaintiff's Complaint.

21. Defendants deny the allegations set forth in paragraph 21 of Plaintiff's Complaint.

22. Defendants deny the allegations set forth in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations set forth in paragraph 23 of Plaintiff's Complaint.

24. Defendants deny the allegations set forth in paragraph 24 of Plaintiff's Complaint.

25. Defendants deny the allegations set forth in paragraph 25 of Plaintiff's Complaint.

26. Defendants admit the allegations set forth in paragraph 26 of Plaintiff's Complaint.

27. Defendants deny the allegations set forth in paragraph 27 of Plaintiff's Complaint.

28. Defendants deny the allegations set forth in paragraph 28 of Plaintiff's Complaint.

29. Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Complaint.

30. Defendants deny the allegations set forth in paragraph 30 of Plaintiff's Complaint.

31. Defendants deny the allegations set forth in paragraph 31 of Plaintiff's Complaint.

32. Defendants admit this Court has jurisdiction over actions involving federal law in accordance with the provisions of 229 U.S.C. § 216(b) and 8 U.S.C. § 1331, as set forth in paragraph 4 of Plaintiff's Complaint.

33. Defendants admit venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants deny the remaining allegations set forth in paragraph 33 of Plaintiff's Complaint.

34. No response is necessary to paragraph 34 of Plaintiff's Complaint.

35. The allegations included in paragraph 35 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

36. Defendants deny the allegations set forth in the paragraphs following paragraph 35 (but labeled 21, 4, 5, and 6) of Plaintiff's Complaint.

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 3 of 7

37. No response is necessary to paragraph 36 of Plaintiff's Complaint.

38. Defendants admit the allegations set forth in paragraph 37 of Plaintiff's Complaint.

39. Defendants admit the allegations set forth in paragraph 38 of Plaintiff's Complaint.

40. Defendants admit the allegations set forth in paragraph 39 of Plaintiff's Complaint.

41. Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Complaint.

42. Defendants admit the allegations set forth in paragraph 41 of Plaintiff's Complaint.

43. Defendants admit Stuart did not include Mathis's bonuses in his regular rate of pay when calculating his overtime. Defendants deny the remaining allegations set forth in paragraph 42 of Plaintiff's Complaint.

44. The allegations included in paragraph 43 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

45. Defendants deny the allegations set forth in paragraph 44 of Plaintiff's Complaint.

46. Defendants admit the allegations set forth in paragraph 45 of Plaintiff's Complaint.

47. Defendants deny the allegations set forth in paragraph 46 of Plaintiff's Complaint.

48. Defendants deny the allegations set forth in paragraph 47 of Plaintiff's Complaint.

49. Defendants deny the allegations set forth in paragraph 48 of Plaintiff's Complaint.

50. No response is necessary to paragraph 49 of Plaintiff's Complaint.

51. The allegations included in paragraph 50 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 4 of 7

52. The allegations included in paragraph 51 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

53. The allegations included in paragraph 52 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

54. The allegations included in paragraph 53 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

55. The allegations included in paragraph 54 of Plaintiff's Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

56. Defendants deny the allegations set forth in paragraph 55 of Plaintiff's Complaint.

57. No response is necessary to paragraph 56 of Plaintiff's Complaint.

58. Defendants deny the allegations set forth in paragraph 57 of Plaintiff's Complaint.

59. Defendants deny the allegations set forth in paragraph 58 of Plaintiff's Complaint.

60. Defendants deny the allegations set forth in paragraph 59 of Plaintiff's Complaint.

61. Defendants deny the allegations set forth in paragraph 60 of Plaintiff's Complaint.

62. No response is necessary to paragraph 61 of Plaintiff's Complaint.

63. Defendants deny the allegations set forth in paragraph 62 of Plaintiff's Complaint.

64. Defendants deny the allegations set forth in paragraph 63 of Plaintiff's Complaint.

65. Defendants deny the allegations set forth in paragraph 64 of Plaintiff's Complaint.

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 5 of 7

## II.
## Affirmative Defenses

66. Plaintiff's claims and/or the claims of the purported Class Members are barred, in whole or in part, by the applicable statute of limitations.

67. Without assuming the burden of proof, Defendants state any alleged violation of the FLSA, which is denied, was not willful within the meaning of the FLSA. Therefore, all claims are limited to a two-year limitations period.

68. Plaintiff's claims and/or the claims of the purported Class Members, if any, are barred, in whole or in part, because at all times Defendants' conduct and actions (including but not limited to its classification of employees and payroll practices) were undertaken in good faith and with reasonable grounds for believing that its conduct and actions did not violate any law, including the FLSA, and in engaging in the conduct and taking the actions it took, Defendants at all times believed in good faith it was exercising its legal rights.

69. Without assuming the burden of proof, Defendants state that Plaintiff and the members of the purported collective action class are not similarly situated. The potential claims of the purported collective action Class Members reflect variability.

70. Without assuming the burden of proof, Defendants complied with all recordkeeping requirements of the FLSA.

71. Plaintiff and the members of the purported collective action class are not entitled to liquidated damages under 29 U.S.C § 216(b) because Defendants acted in good faith and had reasonable grounds for believing their acts or omissions, which are denied, were not in violation of the FLSA. *See supra* paragraph 68.

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 6 of 7

72. To the extent any unnamed class members have not filed written consents with the Court, those unnamed Class Members' claims shall not be considered to have "commenced" under 29 U.S.C. §§ 216(b), 255, 256, and 257.

Respectfully Submitted,

**THE ROSENBLATT LAW FIRM, P.C.**
16719 Huebner Rd., Bldg. 1
San Antonio, Texas 78248
Tel: (210) 562-2900
Fax: (210) 562-2929

By: */s/ Tiffanie S. Clausewitz*
 Tiffanie S. Clausewitz
 State Bar No. 24051936
 tiffanie@rosenblattlawfirm.com

ATTORNEY FOR DEFENDANTS
STUART PETROLEUM TESTERS, INC.,
KIRK YARIGER, AND BRYAN POST

## CERTIFICATE OF SERVICE

I hereby certify that on November 10, 2016, the foregoing was electronically filed with the Clerk of Court via the CM/ECF system which will serve as notice of filing to the electronic mail Notice List.

*/s/ Tiffanie S. Clausewitz*
Attorney

*Stuart Petroleum Testers, Inc., Kirk Yariger, and Bryan Post's Answer and Affirmative Defenses to Plaintiff's Second Amended and Substituted Collective Action Complaint*
Civil Action No. 5:16-cv-00094-RP

Page 7 of 7